UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01438-CAS(AGRx) | Date | June 9, 2014 |
|---|---|---|---|
| Title | JOSUE HERNANDEZ V. GREEN TREE SERVICING LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants | |
| Josue Hernandez, Pro Se | Charles Meyer<br>Karen Milligan | |

**Proceedings:** MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. 9, filed April 22, 2014)

## I. INTRODUCTION AND BACKGROUND

On March 10, 2014, plaintiff Josue Hernandez, proceeding pro se, filed this action against defendants Green Tree Servicing LLC ("Green Tree"), Federal Housing Finance Agency, as conservator for the Federal National Mortgage Association ("Fannie Mae"), and Does 1 through 10, inclusive. Plaintiff asserts claims for (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. § 1692, (2) claim and delivery to recover possession of collateral, (3) common counts, and (4) declaratory judgment. In brief, plaintiff appears to be challenging defendants efforts to collect on a $41,400 loan that plaintiff borrowed in 2006. Compl. ¶ 27; see also id. Ex. 4 (letter from Green Tree to plaintiff). Although not entirely clear from the complaint, this loan seems to have been secured by a deed of trust on a parcel of property located at 1338 S. 25th Street, Omaha, Nebraska. Id. Ex. 1.

On April 22, 2014, defendants filed a motion to dismiss the complaint. Dkt. 9. On May 16, 2014, plaintiff opposed the motion, dkt. 13, and on March 14, 2014, defendants replied, dkt. 15. On June 9, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01438-CAS(AGRx) | Date | June 9, 2014 |
|---|---|---|---|
| Title | JOSUE HERNANDEZ V. GREEN TREE SERVICING LLC ET AL. | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01438-CAS(AGRx) | Date | June 9, 2014 |
|---|---|---|---|
| Title | JOSUE HERNANDEZ V. GREEN TREE SERVICING LLC ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**III.   ANALYSIS**

  **A.   FDCPA**

Plaintiff asserts a claim under the FDCPA against defendants Green Tree and Fannie Mae. Under the FDCPA, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010). To establish a violation of the FDCPA, plaintiff must show: (1) he was a consumer, (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. Moriarity v. Nationstar Mortgage, LLC, 2013 WL 3354448 (E.D. Cal. July 3, 2013). The gravamen of plaintiff's claim is that defendants' attempts to collect on the $41,400 loan violated the requirements of the FDCPA. Compl. ¶¶ 46-47.

The Court begins with plaintiff's claim against defendant Green Tree. Green Tree is the mortgage servicer assigned to plaintiff's loan. Compl. ¶ 35. Mortgage servicers, however, are not "debt collectors" within the meaning of the FDCPA. See Helper v. Washington Mut. Bank, F.A., 2009 WL 1045470 at *4 (C.D. Cal. April 17, 2009) ("The law is well-settled . . . that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." (emphasis in original)). Moreover, to the extent that plaintiff is challenging Green Tree's efforts to foreclose on his property, see compl. ¶ 36, "[f]oreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01438-CAS(AGRx) | Date | June 9, 2014 |
|---|---|---|---|
| Title | JOSUE HERNANDEZ V. GREEN TREE SERVICING LLC ET AL. | | |

FDCPA. Accordingly, any actions taken . . . in pursuit of the actual foreclosure may not be challenged as FDCPA violations." Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

Plaintiff responds that he received a letter from Green Tree concerning his loan that included the disclaimer: "This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose." See compl. Ex. 4. This argument fails: whether Green Tree is a debt collector under the FDCPA does not turn on whether Green Tree holds itself out as a debt collector. And to the extent plaintiff is arguing that Green Tree should be judicially estopped from asserting it is not a debt collector, that argument fails as well. A party is only estopped from contravening a prior assertion if it relied on that prior assertion to gain an advantage in the litigation. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). Here, Green Tree has not gained an advantage in litigation on the basis of its statement that it is a debt collector, and thus is not estopped from denying that it is a debt collector.

Turning to plaintiff's claim under the FDCPA against Fannie Mae, the Court finds that this claim must be dismissed as well. Nowhere in the complaint does plaintiff allege any "debt collection" actions undertaken by Fannie Mae. Because "debt collection" is an essential element of any FDCPA claim, plaintiff's current complaint does not state an FDCPA claim against Fannie Mae.

 **B. "Claim and Delivery to Recover Possession of Collateral," Common Counts, and Claim for Declaratory Relief**

Plaintiff also asserts (1) "Claim and Delivery to Recover Possession of Collateral," (2) common counts, and (3) a claim for declaratory relief. Plaintiff describes these claims as attempts to "discover who is in fact the 'Note Holder'" associated with plaintiff's loan. The Court, however, is unable to discern the factual basis for plaintiff's claims, as plaintiff's complaint is vague and sometimes internally contradictory. At points, plaintiff refers to a loan in the amount of $41,400, compl. ¶ 58, while at other points plaintiff refers to a loan in the amount of $999,999, id. ¶ 49. Similarly, plaintiff's claim for "Claim and Delivery to Recover Possession of Collateral" alleges that JP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01438-CAS(AGRx) | Date | June 9, 2014 |
|---|---|---|---|
| Title | JOSUE HERNANDEZ V. GREEN TREE SERVICING LLC ET AL. | | |

Morgan is wrongfully detaining his property, but JP Morgan is mentioned nowhere else in the complaint. More seriously, although plaintiff submits a deed of trust reflecting that he borrowed money to purchase property, much of the complaint seems to imply that this money is owed *to* plaintiff. See id. ¶ 50 ("Josue Hernandez [is] the owner of the note."). These ambiguities and contradictions prevent the Court from evaluating whether plaintiff has stated a claim.[1] Accordingly, the Court finds that plaintiff's complaint fails to comply with Fed. R. Civ. P. 8(a), which requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

### IV. CONCLUSION

In accordance with the foregoing, the Court hereby dismisses plaintiff's complaint. Because no amendment could properly allege that Green Tree is a debt collector, plaintiff's FDCPA claim against Green Tree is dismissed with prejudice. Schreiber Distrib. Co., 806 F.2d at 1401. With respect to plaintiff's other claims, including plaintiff's FDCPA claim against Fannie Mae, plaintiff shall have until **June 30, 2014**, to file an amended complaint addressing the deficiencies identified herein. Plaintiff is advised that any amended complaint must clearly set forth the factual basis underlying his allegations.

IT IS SO ORDERED.

| | 00 | : | 10 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[1] To the extent that plaintiff is attempting to allege that the mortgage on his property has been "split" from the note for his loan, thereby rendering the mortgage unenforcable, see compl. ¶¶ 14-24, the Court observes that recent authority does not support such an argument. See, e.g., Wallace v. Mortgage Elec. Registration Sys., Inc., 2012 WL 94485 (C.D. Cal. Jan. 11, 2012). However, due to the ambiguity of the complaint as currently pled, the Court declines to rule that plaintiff's claims must fail as a matter of law.